IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION, AT KNOXVILLE

| | | |
|---|---|---|
| KING BUSINESS FORMS CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:05-cv-83 |
| | ) | |
| v. | ) | |
| | ) | |
| AVAYA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND DEFENSES TO COMPLAINT

For its answer to the Complaint, Defendant, Avaya, Inc. ("Avaya"), admits, denies and alleges as follows:

1. Avaya admits the allegations of paragraph 1 that Plaintiff King Business Forms Corporation entered into a contract with Expanets. Avaya is without knowledge or information as to the truth of the remainder of the allegations of paragraph 1.

2. Avaya admits the allegations of paragraph 2.

3. Avaya admits the allegation of paragraph 3 that CIT Communications Finance Corporation does business as Avaya Financial Services. Avaya is without knowledge or information as to the truth of the remainder of the allegations of paragraph 3.

4. Avaya denies the allegations of paragraph 4.

### ALLEGED FACTUAL ALLEGATIONS

5. Avaya denies the allegations in paragraph 5 that it entered into multiple contracts with Plaintiff King Business Forms Corporation prior to October, 2003. Avaya admits that

Plaintiff King Business Forms Corporation entered into individual contracts with Expanets and Avaya Financial Services prior to October, 2003.

6. Avaya denies the allegations of paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7. Avaya denies the allegation in paragraph 7 that it made any representations to Plaintiff King Business Forms Corporation prior to Plaintiff entering into contracts with Expanets and Avaya Financial in 2003. Avaya denies the remainder of the allegations of paragraph 7 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8. Admits the allegations of paragraph 8.

9. Avaya admits that at some point subsequent to Avaya's acquisition of Expanets certain Expanet employees did not continue in their employment with Avaya. Avaya denies the remainder of the allegations contained in paragraph 9.

10. Avaya admits in response to the allegations of paragraph 10 that Plaintiff King Business Forms Corporation contacted Avaya regarding the servicing of equipment.

11. Avaya denies the allegations of paragraph 11.

12. Avaya denies the allegations of paragraph 12 that it "has neither technical knowledge of the System and Equipment sold to King, nor the ability to identify and/or repair the problems with the System and Equipment." Avaya denies the remainder of the allegations of paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13. Avaya denies the allegations of paragraph 13.

14. Avaya denies the allegations of paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

## COUNT I - ALLEGED BREACH OF CONTRACT

15. Avaya repeats and realleges its responses to paragraph 1 through 14 of the Complaint.

16. The allegations of paragraph 16 are conclusions of law requiring no answer, but, to the extent they may be deemed to be allegations of material fact, they are denied.

17. Avaya denies the allegations of paragraph 17 that it failed to "repair and maintain" Plaintiff King Business Forms Corporation's telephone system and equipment. The remainder of the allegations of paragraph 17 are conclusions of law requiring no answer, but, to the extent they may be deemed to be allegations of material fact, they are denied.

18. The allegations of paragraph 18 are conclusions of law requiring no answer, but, to the extent they may be deemed to be allegations of material fact, they are denied.

## COUNT II - ALLEGED MISREPRESENTATIONS

19. Avaya repeats and realleges its responses to paragraph 1 through 18 of the Complaint.

20. Avaya denies the allegations of paragraph 20.

21. Avaya denies the allegations of paragraph 21.

22. Avaya denies the allegations of paragraph 22.

23. Avaya denies the allegations of paragraph 23.

## COUNT III - ALLEGED VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

24. Avaya repeats and realleges its responses to paragraph 1 through 23 of the Complaint.

25. The allegations of paragraph 25 are conclusions of law requiring no answer, but, to the extent they may be deemed to be allegations of material fact, they are denied.

26. The allegations of paragraph 26 are conclusions of law requiring no answer, but, to the extent they may be deemed to be allegations of material fact, they are denied.

27. The allegations of paragraph 27 are conclusions of law requiring no answer, but, to the extent they may be deemed to be allegations of material fact, they are denied.

## COUNT IV - BREACH OF WARRANTY

28. Avaya repeats and realleges its responses to paragraph 1 through 27 of the Complaint.

29. The allegations of paragraph 29 are conclusions of law requiring no answer, but, to the extent they may be deemed to be allegations of material fact, they are denied.

30-33. Avaya denies the allegations of paragraphs 30 through 33 that it provided King Business Forms Corporation a telephone system or had any contact with Plaintiff in regard to King's selection of a telephone system or had any knowledge of King's telecommunications needs before King's purchase. Avaya denies the remainder of the allegations of paragraphs 30 through 33 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

34. The allegations of paragraph 34 are conclusions of law requiring no answer, but, to the extent they may be deemed to be allegations of material fact, they are denied.

35. The allegations of paragraph 35 are conclusions of law requiring no answer, but, to the extent they may be deemed to be allegations of material fact, they are denied.

## GENERAL DENIAL

36. Avaya denies each and every allegation of material fact not expressly admitted or qualified herein.

37.     In response to the Prayer for Relief, Avaya denies that Plaintiff King Business Forms Corporation is entitled to any relief from Avaya whatsoever and requests that the Court enter judgment for Avaya and against Plaintiff on the claims made in the Complaint, with costs and attorney fees assessed against Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Avaya.

### SECOND DEFENSE

Avaya relies upon any and all statutes of limitation, to the extent found applicable.

### THIRD DEFENSE

Plaintiffs' claim against Avaya may be barred by the statute of frauds and/or parol evidence rule.

### FOURTH DEFENSE

Plaintiffs are not entitled to relief against Avaya under the Tennessee Consumer Protection Act ("TCPA") as their claims are not sufficient to warrant such an award against Avaya.

### FIFTH DEFENSE

Avaya avers that the TCPA provides, at Tennessee Code Annotated, Section 47-18-109(e)(2), that a person instituting an action under the Act which is found to have been frivolous, without legal or factual merit, or brought for the purpose of harassment, may be obliged to indemnify the defendant for any damages so incurred, including reasonable attorneys' fees and costs.  Pursuant to Tennessee Code Annotated, Section 47-18-109(e)(2), Avaya avers that Plaintiffs should be held liable to Avaya for its reasonable attorneys' fees and costs in defending Plaintiffs' TCAP claims in this action.

5

## SIXTH DEFENSE

Avaya relies upon any defenses to which it may be entitled under any applicable state or federal law or regulation.

## SEVENTH DEFENSE

Avaya avers that Plaintiffs' negligence was the proximate cause of their alleged damages.

## EIGHTH DEFENSE

Avaya avers that Plaintiffs' damages, however described, resulted solely and proximately from conditions and/or conduct for which Avaya is not liable or responsible.

## NINTH DEFENSE

While denying that it was guilty of any negligent act which caused or proximately caused or contributed to any damage suffered by the Plaintiffs, the acts of negligence on the part of the Plaintiffs should be compared with the negligence of non-parties, if any, which will establish that the fault of the Plaintiffs was equal to or greater than the fault of Defendant so that the Plaintiffs are barred from any recovery in this case.

## TENTH DEFENSE

In the alternative, if it is found that Avaya was negligent in some degree and if it is also found that Plaintiffs were negligent to a lesser degree than Defendants contributing to the proximate cause of Plaintiffs' damages, if any, then the Plaintiffs' recovery should be reduced in proportion to the degree of their own fault according to the Tennessee law of comparative fault.

## ELEVENTH DEFENSE

Avaya affirmatively states that Plaintiffs' alleged damages, if any, were solely and proximately caused by the acts or omissions of others for whom Avaya is neither liable nor responsible.

## TWELTH DEFENSE

Avaya relies upon the doctrines of waiver and estoppel.

## THIRTEENTH DEFENSE

Avaya affirmatively states that, upon information and belief, Plaintiffs have failed to mitigate any losses and damage which they allege to have sustained.

## FOURTEENTH DEFENSE

Avaya hereby gives notice that it intends to rely upon such other further defenses as may become available to it or apparent during the discovery of this civil action, and reserves the right to amend its Answer to assert any such defenses.

s/Andrew L. Colocotronis
Andrew L. Colocotronis (#17052)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
2200 Riverview Tower
900 South Gay Street
Post Office Box 1792
Knoxville, Tennessee 37901
(865) 549-7000

*Attorneys for Avaya, Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on March 15, 2005 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                      s/Andrew L. Colocotronis_____
                                                      Attorney

K ALC 172614 v1
2815507-000001  03/15/2005